UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
OSCAR CABRERA DIAZ and *WILLIAM GUANDIGUE*
*On behalf of themselves and*
*others similarly situated*

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ **MAY 01 2017** ★

LONG ISLAND OFFICE

             Plaintiffs,

  -against-

CONSERVATION CONTROL CORP.,
JOHN DOE PRIME CONTRACTORS 1 THROUGH 10, and
JOHN DOE BONDING COMPANIES 1 THROUGH 10
ARTHUR HOHMAN JR. AND ERIC HOHMAN
in their individual capacity

                  Defendants.
- - - - - - - - - - - - - - - - - -X

INDEX NO:

**COMPLAINT**

**PLAINTIFFS DEMAND
A TRIAL BY JURY**

**CV 17 2573**

WEXLER, J.

**TOMLINSON, M.J.**

Plaintiffs, OSCAR CABRERA DIAZ AND WILLIAM GUANDIGUE by and through their attorney, DELVIS MELÉNDEZ, complaining of the Defendants CONSERVATION CONTROL CORP., ARTHUR HOHMAN JR., and ERIC HOHMAN collectively, respectfully alleges as follows:

### NATURE OF THE CLAIM

This action is brought to recover from the Defendants unpaid overtime compensation, as well as an additional equal amount in liquidated damages, costs and reasonable counsel fees under the provisions of Title 29 U.S.C.A. 201 et seq., and specifically under the provisions of Title 29 U.S.C.A. 216(b).

### JURISDICTION

This Court has jurisdiction over the claims presented on the First Claim for Relief herein pursuant to the Act of June 25, 1938, ch 676, 52 Stat 1069, 29 U.S.C. Sections 201-219, known as the Fair Labor Standards Act ("the FLSA" or "the Act"), a law of the United States regulating interstate commerce, and specifically under the provisions of Section 16 of said act, as amended (29 U.S.C. § 216(b)).

1.      Jurisdiction is conferred on this Court by Title 28 U.S.C.A. 1337 and by Title 29 U.S.C.A. 16(b). Defendant employer is a corporation organized and existing under the laws of the State of New York, having its principal place of business located at 282 Broadway Huntington, New York, 11746 within the jurisdiction of the court. At the times mentioned the defendants employed the Plaintiffs and others similarly situated.

2.      This Court has jurisdiction over the New York State Law claims presented in the third Claim for Relief pursuant to 28 U.S.C. § 1367(a).

The Plaintiffs are residents of the County of Suffolk within the jurisdiction of this honorable court.

## PARTIES

3.      On information and belief, the defendant, ARTHUR HOHMAN JR., is the owner or sole or partial shareholder or agent of the corporate defendant.

4.     On information and belief, the defendant, ERIC HOHMAN is the owner or sole or partial shareholder or agent of the corporate defendant.

5.     On information and belief, the defendants, ARTHUR HOHMAN JR. and ERIC HOHMAN, by virtue of their status as owners, shareholders, directors, and officers of the corporate defendant exercises complete control over the corporate defendant.

6.     On information and belief, the defendant Conservation Control corp., is engaged in a for profit business which has gross revenue in excess of $500,000 per annum and is engaged in interstate commerce. Specifically, Defendant, CONSERVATION CONTROL CORP., is in the business of LAWN AND GARDEN SERVICES and/ or tree removal and is an "employer" subject to the jurisdiction of the FLSA.

7.     Plaintiff, Oscar Cabrera Diaz, began his employment with Conservation Control Corp., as a full time laborer, in or about, 2010. He left his employment with defendants in or about March 24, 2017.

8.     Plaintiff, William Guandigue, began his employment with Conservation Control Corp., as a full time laborer, in or about, 2012. He worked for the company until October 2015.

9.     Upon information and belief, John Doe Bonding Company, (hereinafter referred to "Bonding Company") is a corporation incorporated or otherwise authorized to do business under the

laws of the State of New York, is engaged in the surety bonding business, and issued payment bonds to Defendant Gold Coast Tennis Inc., in connection with publicly financed projects.

10.     Upon information and belief, John Doe prime contractor, is a corporation incorporated or otherwise authorized to do business under the laws of the State of New York, who may have been the prime contractor on the prevailing wage projects.

## FACTS

11.     At all times pertinent to this Complaint, the Plaintiffs Oscar Cabrera Diaz and William Guandigue worked as laborers.

12.     Plaintiffs routinely worked from 8:00 a.m. to 4:30 p.m. six days per week.

13.     Plaintiffs routinely worked in excess of 40 hours per week but Defendants failed to comply with Title 29 U.S.C.A. 201-219, in that the Plaintiffs worked for the Defendants in excess of the maximum hours provided by the Act, but no provision was made by the Defendants to pay the Plaintiffs the overtime required by the Act.

14.     Plaintiff, Oscar Cabrera, Diaz was paid $150.00 per day. He was paid part in cash and part in check. The overtime hours were paid in cash at the straight time rate.

15.     Plaintiff, William Guandigue. was paid was paid up to forty hours by check at the rate of $12.50 per hour, and the overtime hours were paid in cash at the straight time rate.

16.     The Plaintiffs performed labor for the defendants, or one or more of the defendants, for certain projects located in New York State which were public works improvements and/or tree removal projects within the meaning of New York Labor Law Articles 8, 8-A or 9 such projects including, but not limited to, pruning or removing trees for various projects in Nassau, Suffolk, in the State of New York.

17.     That the corporate defendants had one or more contracts with public entities which contracts required the payment of prevailing wages, as per New York Labor Law Articles 8, 8-A, or 9, to workers, and corporate defendant acted as a contractor or sub-contractor on one or more of such contracts.

18.     Throughout their employment plaintiffs worked on prevailing wage projects. Plaintiffs were not paid the prevailing wage rate, misclassified and/or paid less then what the State's wage schedules required.

19.     That the corporate defendants had a duty to pay the employees working on those public works projects according to the terms delineated in the contract and failed to pay its employees according to the specified terms.

20.     That as to the tort causes of action pled herein it is alleged that such causes of action are exempt from the provisions of CPLR Article 16 pursuant to CPLR § 1602 and that all of the defendants are jointly and severally liable for the plaintiffs damages.

21.     The various actions taken by the individual defendants to effectuate their overtime and prevailing wage payment evasion scheme include the following:

a) Intentionally failing to maintain accurate records of wage payments made to workers, such as the plaintiffs, that showed the actual overtime hours the plaintiffs worked;

b) Intentionally failing to pay workers, such as the plaintiffs, wages and overtime wages for work in excess of 40 hours per week;

c) Falsifying records and documents indicating that workers, such as the plaintiffs, were being paid the appropriate prevailing rate wages as required by New York State Law;

d) Setting up and/or maintaining the corporate defendants in an attempt to shield the individual defendants from any personal liability for their illegal actions, such as a corporate defendant being merely a front or agent which the individual defendants used in the furtherance of their illegal scheme.

22.    The individual defendants took it upon themselves to deny the plaintiffs the payment of the plaintiffs' full, legal and proper wages such actions being undertaken by the individual defendant intentionally, with full knowledge of their illegality, and for the specific purpose of personally enriching the individual defendants at the expense of the plaintiffs.

23.    The individual defendants, by intentionally acting to violate the laws, rules, regulations, statutes and wage orders alleged herein, and/or by virtue of their position as controlling owners and/or managers of the corporate defendant, and/or by acting as the plaintiffs' employer within the meaning of the FLSA, assumed personal liability for the claims of the plaintiffs herein.

24.    The individual defendants, as part of an overtime and prevailing wage payment evasion scheme, have vitiated the independent legal existence of the corporate defendants and as a result have made themselves, along with the corporate defendants, jointly and severally, liable for the claims made herein.

25.    The individual defendants operated, acted and/or otherwise took action through their control of the corporate defendant to consciously deprive the plaintiffs of overtime and/or other wages due them under common law and New York State Law. The individual defendants undertook such actions on their

own initiative and for their own benefit and did not take such actions simply at the behest of or as an agent of the corporate defendant and that such actions by the individual defendants were illegal and "ultra vires" to the corporate defendant thus destroying any separate and independent legal existence of the corporate defendant for the purposes of the claims made by plaintiffs herein and making the individual defendant(s) personally liable for such claims.

26.     This action is brought to recover from the Defendants unpaid overtime compensation, as well as an additional equal amount in liquidated damages, costs and reasonable counsel fees under the provisions of Title 29 U.S.C.A. 201 et seq., and specifically under the provisions of Title 29 U.S.C.A. 216(b),and the Labor Law of the State of New York, including but not limited to, Articles 6, 8, 9 and 19, New York Labor Law §§ 191, 193, 198, 918-b, 220-g, 223, 239-a, 652, 662 and 663, the Wage Orders issued under the NYMWA at 12 N.Y.C.R.R. §§ 137-142, and the common law.

27.     Defendants, conduct was willful as it manifested a blatant disregard for the law. Moreover, the pattern and practice of blatantly violating the Fair Labor Standards Act was not a single incident violation. The defendant company engaged in a pattern and practice of wage violations for an extended

period of time, and this practice effected many similarly situated workers.

28.     That the defendants have willfully violated the statutes and regulations which are alleged in this Complaint and which form the basis of Plaintiffs claims for relief.

29.     The Plaintiffs are entitled to compensation at the rate of one and one half times the regular rate of pay at which he was employed, all of which the Defendants failed and refused to pay to the Plaintiffs.

30.     The undersigned OSCAR CABRERA DIAZ, and WILLIAM GUANDIGUE employees of Defendants, CONSERVATION CONTROL CORP., et al. consent to becoming party Plaintiffs in the above-captioned matter.

### AS AND FOR A FIRST CLAIM FOR RELIEF PURSUANT TO THE FEDERAL FAIR LABOR STANDARDS ACT ON BEHALF OF OSCAR CARBREARA DIAZ, WILLIAM GUANTIGUE, AND SUCH OTHER PERSONS WHO CONSENT IN WRITING TO JOIN THIS ACTION PURSUANT TO 29 U.S.C. § 216(B)

31.     The plaintiffs brings this First Claim for Relief pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated persons who consent in writing to join this action pursuant to 29 U.S.C. § 216(b), and upon information and belief there are numerous such similarly situated persons.

32.     Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, the plaintiffs was entitled to a minimum

an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty hours per week, plaintiffs worked more than 40 hours per week for the defendants, and defendants willfully failed to make said overtime wage payments.

32.    The plaintiffs on behalf of themselves and all other similarly situated persons who consent in writing to join this action, seeks, on this First Claim for Relief, a judgment for unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, the plaintiffs and such other similarly situated persons who consent in writing to join this action, and the plaintiffs also seeks an award of liquidated damages equal to 100% of such amount, attorney's fees, interest and costs as provided for by the FLSA.

**AS AND FOR A SECOND CLAIM FOR RELIEF**
**ON BEHALF OF PLAINTIFFS**
**AS A THIRD PARTY CONTRACT BENEFICIARY**

33.    Plaintiffs repeat and reallege each and every allegation previously set forth herein.

34.    That the defendants, or one or more of the Defendants, entered into contracts with one or more third parties to perform the tree removal/pruning services which the plaintiffs provided labor for.

35.    That when the defendants or one or more of the

defendants, entered into the aforesaid contracts to perform the work which the plaintiffs provided labor for such defendants agreed as part of such contracts and/or as a matter of law were required to by such contracts to pay the plaintiffs a "prevailing wage" which was specified in such contracts or was incorporated by reference in such contracts.

36.     That the plaintiffs were a third party beneficiary of the aforesaid contracts.

37.     That the defendants, or one or more of the defendants, breached the aforesaid contracts in that they failed to pay the plaintiffs the prevailing wages required under such contracts, and that the plaintiffs did not receive the monies he was due as a third party beneficiary of the aforesaid contracts which provided for the payment of a prevailing wage to the plaintiffs.

38.     The plaintiffs seek, on this Second Claim for Relief, a judgment for damages based upon an accounting of the amount of money the plaintiffs were paid and the amount of money they should have been paid as a third party beneficiaries of such contracts, together with an award of interest, costs, disbursements, attorney's fees, liquidated damages, and such other relief as the Court deems proper.

**AS AND FOR A THIRD CLAIM FOR RELIEF
ON BEHALF OF PLAINTIFFS AS WORKERS
ENTITLED TO THE FULL PAYMENT OF HIS
WAGES AND PAYMENT OF OVERTIME WAGES AS PER THE
NEW YORK STATE LABOR LAW**

39.    Plaintiffs repeat and reallege each and every allegation previously set forth herein.

40.    Pursuant to the applicable provisions of New York State Law, plaintiffs were entitled to an overtime hourly wage of time and one-half for all hours worked in excess of forty hours per week, plaintiffs worked more than 40 hours per week for the defendants, and defendants failed to make said overtime payments.

41.    At the times pertinent to this complaint, defendants failed to comply with New York State Law, including the protections set forth in Articles 6 and 19 of the Labor Law of the State of New York and the wage orders contained at 12 NYCRR 137 to 142 and Section 198 of said law, in that plaintiffs worked for defendants in excess of the number of hours for which plaintiffs should receive their regular hourly wages under New York State Law and defendants failed to pay plaintiffs at the rate of time and one-half for the hours worked in excess of said number of hours set forth in New York State Law and/or defendants failed to pay the plaintiffs the overtime wage provided for under said law including the provisions under the aforesaid regulations which require payment of an additional one hour's pay for each day worked where the shift of hours is in excess of ten hours per day. Defendants have failed to otherwise

pay plaintiffs their full agreed upon and legal wages and wage supplements.

42.     As a result of the foregoing, the plaintiffs seeks, on this Third Claim for Relief, from the defendants various sums of money in overtime wages and/or other wages that defendants failed to pay plaintiffs in violation of the Labor Law of the State of New York and the Wage Orders issued there under, together with an award of costs, reasonable attorney's fees from the defendants, interest, and liquidated damages equal to 100% of the amount of such unpaid wages and wage supplements.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
## ON BEHALF OF PLAINTIFFS
## BASED UPON NEGLIGENCE

43.     Plaintiffs repeat and reallege each and every allegation previously set forth herein.

44.     That the individual defendant(s) or one or some of them, had a duty to the plaintiffs, in that such defendant(s) were handling the cash or paychecks which constituted the payments for the wages owed to the plaintiffs by their employer(s) and/or were otherwise involved in running or managing the employer(s) of plaintiffs and as such had a duty to use reasonable care in the handling of such cash and paychecks and/or use reasonable care in respect to their running and managing of the plaintiffs employers(s) and in having such

employer(s) of the plaintiffs pay the plaintiffs their full, proper, and legally required wages.

45.     That the individual defendant(s) or one or some of them, breached their duty of reasonable care towards the plaintiffs by negligently handling the wage payments owed to the plaintiffs and/or in otherwise being negligent in their managing and running of the plaintiffs employer(s), such lack of reasonable care by such defendant(s) being the direct and proximate cause of the plaintiffs' damages arising from the failure of the plaintiffs to receive his full, legal, and proper wages from the plaintiffs employer(s).

46.     That the individual defendant(s), or one or some of them, were negligent and such negligence damaged the plaintiffs and the plaintiffs, seeks, on this Fourth Claim for Relief, from such individual defendant(s) various sums of money in overtime wages and/or other wages and wage supplements that should have been paid to the plaintiffs but was not paid to plaintiffs as a result of the negligence of such individual defendant(s). damages, and attorney's fees as awardable by statute.


### AS AND FOR A FIFTH CLAIM FOR RELIEF
### ON BEHALF OF PLAINTIFFS
### AGAINST JOHN DOE BONDING ENTITIES BASED UPON
### NEW YORK STATE LABOR LAW SECTION 220-G

47.     Plaintiffs repeat and reallege each and every

allegation previously set forth herein.

48.     The defendant JOHN DOE BONDING ENTITIES (the "bonding entity"), has agreed to act as the surety for the other defendants by posting bond(s) pursuant New York State Finance Law § 137 to assure the other defendants, or some of the other defendants, compliance with New York Labor Law Article 8, 8-A and/or 9 and/or otherwise have become legally liable to the plaintiffs for their claims against the other defendants.

49.     That the plaintiffs, pursuant to New York State Labor Law § 220-g, seeks from the bonding entity the payment of the wages, wage supplements, liquidated damages, attorney's fees and the other relief that the plaintiffs are entitled to from his employers pursuant to New York Labor Law Article 8, 8-A and/or 9 and/or any other theory of recovery.

## AS FOR THE SIXTH CLAIM FOR RELIEF ON BEHALF OF THE PLAINTIFFS FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ACTION ALLEGATIONS

50.     Plaintiffs also bring New York Labor Law claims on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all persons who work or have worked for defendants in the State of New York at any time from the six (6) years prior to the filing of this complaint to the entry of the judgment in the case (the "Rule 23 Class").

1.     The persons in the Rule 23 Class identified above are

so numerous that joinder of all members is impracticable.

2.    The Rule 23 Class Members are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

3.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

4.    There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

a)    Whether the defendants unlawfully failed to pay proper compensation in violation of and within the meaning of the New York Labor Law Article 6, 190 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

b)    Whether the defendants unlawfully failed to pay proper compensation in violation of and within the meaning of the New York Labor Law Article 6, 193 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-1.7,146-1.8;

c)    Whether the New York Class Representatives and

Rule 23 Class are non-- exempt from entitlement to premium compensation for hours worked in excess of forty (40) hours per week;

d) Whether defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

e) What proof of hours worked is sufficient when an employer fails in its duty to maintain true and accurate time records;

f) What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of overtime wages;

g) Whether defendants failed and/or refused to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning of New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

h) Whether defendants made improper deduction from plaintiffs and the Rule 23 Class from wages for the cost of laundering uniforms within the meaning of New York Labor Law Article 6, §1930 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146- 1.7, 146-1.8.

i) The nature and extent of Rule 23 Class-wide

injury and the appropriate measure of damages for the class;

j) Whether defendants' general practice of failing and/or refusing to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week was done willfully or with reckless disregard of the federal and state wage and hour laws.

51. The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent and the Rule 23 Class work or have worked for defendants in non-exempt positions and have not been paid overtime wages for the hours that they have worked in excess of 40 hours per week. Defendants have acted and have refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

52. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation for hours worked in excess of forty (40) hours each week.

53. Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class.

54.     Plaintiffs have retained counsel competent and experienced in complex class actions and in labor and employment litigation.

55.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly

duplicative litigation that might result in inconsistent judgments about defendants' practices.

56.     Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Unpaid wages and additional and equal amounts as liquidated damages for violations of Article 19 sec. 650.

(iii)     Unpaid wages and additional and equal amounts as liquidated damages for violations of Article 6 sec. 193 and supporting New York State Department of Labor Regulations 12 N.Y.C. R.R part 146-1.7 146-1.8

(iv) Certification of this case as a collective action

under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(v) Designation of Plaintiffs as representative of the Rule 23 Class, and counsel of record as Class Counsel;

(vi) Damages in an amount to be determined at trial for Defendant's violation of New York State Labor Law §196-d;

(vii) Unpaid wages due to plaintiff under a third party beneficiary cause of action for failure to pay prevailing wage rates on public works projects.

(viii) All attorneys' fees and costs incurred in prosecuting these claims; and

(ix) Such other relief as this Court deems just and proper.

Dated: Brentwood, New York
       May 1, 2017

Respectfully submitted,

Delvis Meléndez, Esq.
Attorney for Plaintiffs
90 Bradley Street
Brentwood, NY 11717
(631) 434-1443

LAW OFFICE OF DELVIS MELÉNDEZ.
Attorney for Plaintiff
90 BRADLEY STREET
BRENTWOOD, NEW YORK 11717
631-434-1443
631-434-1443 FAX
DELVIS MELENDEZ, ESQ. (DM-7975)

DISTRICT COURT OF THE STATE OF NEW YORK
EASTERN DISTRICT OF NEW YORK
----------------------------------X
OSCAR CABRERA DIAZ and WILLIAM QANDIQUE
*On behalf of himself and*
*others similarly situated*                     INDEX NO:

                    Plaintiffs,

          -against-                    **CONSENT TO JOINDER**

CONSERVATION CONTROL CORP.,
ARTHUR HOHMAN JR.
ERIC HOHMAN
*in their individual capacity*

                    Defendants.
-----------------------------X

          By signing below I, Oscar Cabrera, consent to become a

party plaintiff in this lawsuit and be bound by any decision

herein.

Dated: March 27, 2017

                              _____
                              Oscar Cabrera Chavez
                              C/O Delvis Melendez,Esq.
                              90 Bradley Street
                              Brentwood, New York, 11717

LAW OFFICE OF DELVIS MELÉNDEZ.
Attorney for Plaintiff
90 BRADLEY STREET
BRENTWOOD, NEW YORK 11717
631-434-1443
631-434-1443 FAX
DELVIS MELENDEZ, ESQ. (DM-7975)

DISTRICT COURT OF THE STATE OF NEW YORK
EASTERN DISTRICT OF NEW YORK
----└---------------------------------X
OSCAR CABRERA DIAZ and WILLIAM GUANDIQUE
*On behalf of himself and*
*others similarly situated*                        INDEX NO:

                     Plaintiffs,


          -against-                        **CONSENT TO JOINDER**

CONSERVATION CONTROL CORP.,
ARTHUR HOHMAN JR.
ERIC HOHMAN
*in their individual capacity*


                     Defendants.
------------------------------X

          By signing below I, William Guantique Chavez, consent

to become a party plaintiff in this lawsuit and be bound by any

decision herein.

Dated: March 27, 2017

                              _____
                              William Guantique Chavez
                              C/O Delvis Melendez,Esq.
                              90 Bradley Street
                              Brentwood, New York, 11717